IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Chas Lamous Smith, ) | |
| ) | |
| Petitioner, ) | C.A. No. 2:15-2533-HMH-MGB |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Bryan P. Stirling, Director, S.C. Department ) | |
| of Corrections; Cecilia Reynolds, Warden, ) | |
| Lee Correctional Institution; and the State ) | |
| of South Carolina, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Chas Lamous Smith ("Smith") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Baker recommends granting Respondent's motion for summary judgment, dismissing with prejudice Smith's § 2254 petition, and denying a certificate of appealability. (Report & Recommendation 18, ECF No. 20.)

Smith filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court was able to glean two specific objections. First, Smith generally alleges that an evidentiary hearing is required to resolve factual discrepancies underlying his sentence and conviction. Section 2254(e)(2) precludes an evidentiary hearing in federal court only if the petitioner "has failed to develop the factual basis of a claim in State court proceedings." If, however, as here, the petitioner has developed the factual basis of his claim in state court, the court retains discretion to decide whether to hold an evidentiary hearing. See Rule 8, Rules Governing § 2254 Cases; Winston v. Kelly, 592 F.3d 535, 552 (4th Cir. 2010) ("If a district court concludes that the petitioner was diligent in developing the factual basis of his claim, it may grant an evidentiary hearing as an exercise of discretion."); Burress v. Warden, Perry Corr. Inst., No. CA 5:12-2841-TMC, 2013 WL 4505443, at *6 (D.S.C. Aug. 22, 2013) (unpublished) ("Where an evidentiary hearing is neither prohibited nor mandated, the court retains discretion to decide whether to convene an evidentiary hearing."). Nevertheless, Smith merely provides general allegations for the necessity of an evidentiary hearing, and has not indicated how he did not receive a full and fair hearing in the state court proceedings. (Objections 1, ECF No. 21.) Further, as the magistrate judge noted, the South Carolina Court of Appeals denied Smith's claims on the merits. (Report & Recommendation 11, ECF No. 20.) Thus, after review, the court finds that Smith is not entitled to an evidentiary hearing.

Second, Smith objects to the denial of his certificate of appealability. Pursuant to § 2253(c)(2), a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." After review, the court finds that Smith has not established a substantial showing of a denial of a constitutional right, and is thus not entitled to a certificate of appealability. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Baker's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 16, is granted. It is further

**ORDERED** that Smith's § 2254 petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Smith has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 9, 2016

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.